
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE HUFF; LENDARD MORRIS; LORRAINE SORIANO; RICHARD SINGLETARY; RANDALL BAKER; JAMES BUTTS; RICHARD IRVING; ANNETTE YOUNG; JOSE DE ANDA, Jr., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES, <br><br> Defendant - Appellee. | No. 10-56344 <br><br> D.C. No. 2:10-cv-02911-DMG-RC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted February 17, 2012[**]
Pasadena, California

Before: PREGERSON, HAWKINS, and BEA, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

On July 1, 2010, George Huff, Lendard Morris, Lorraine Soriano, Richard Singletary, Randall Baker, James Butts, Richard Irving, Annette Young, and Jose de Anda, Jr. ("Appellants") filed their Second Amended Complaint ("SAC") in district court alleging that the City of Los Angeles ("the City") had violated 29 U.S.C. §§ 207(a) and 207(o) of the Fair Labor Standards Act ("FLSA") by failing to compensate them for integral and indispensable activities performed before or after regular work shifts: namely, donning and doffing their uniforms and safety equipment at work. The City moved to dismiss Appellants' SAC, without leave to amend, on the ground that it failed to cure the defects of the First Amended Complaint, and, therefore, failed to state a claim under this court's decision in *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. 2010). We affirm.

The district court did not err in dismissing Appellants' claims under Fed. R. Civ. P. 12(b)(6). A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is reviewed *de novo*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted).

In their SAC, Appellants did not state whether the donning and doffing of their uniforms and safety equipment at work was required by "law, rule, their employer, or the nature of their work." Without such elucidation, Appellants' claims bear a striking, if not matching, resemblance to the claims brought by the police officers in *Bamonte,* where we found that, under the FLSA and the Portal-to-Portal Act, the City of Mesa need not compensate its police officers for the donning and doffing of their uniforms and safety gear at home.[1] To survive the City's Motion to Dismiss, it was vital for Appellants to plead facts which distinguish their conduct from that which was found not to be compensable in *Bamonte*. For instance, Appellants did not allege in their SAC why more security guards did not use the locker room provided by the City at the John Ferraro Building or how their uniforms and safety gear differed in function and utility from those found by the court in *Bamonte* not to be integral and indispensable. It is not this court's responsibility to ruminate why Appellants did not take advantage of the

---

[1]As dictated by the terms of their employment, Appellants are required to don and doff the following work uniform and safety equipment: utility belt (also known as a Sam Browne belt), black boots, body armor, baton, baton holster, chemical agent (pepper spray), chemical agent holder, handcuffs, two-way radio, Nextel phone, name tag, and security badge. The Appellants in *Bamonte* were required to don and doff the following: "trousers, a shirt, a nametag, a clip-on or velcro tie, specified footwear, a badge, a duty belt, a service weapon, a holster, handcuffs, chemical spray, a baton, and a portable radio. The wearing of body armor [was] optional . . . ." *Bamonte*, 598 F.3d at 1220.

district court's leave to amend its First Amended Complaint. Because the SAC fails to differentiate Appellants' claims from those in *Bamonte*, the district court did not err in dismissing these claims without leave to amend.

Nor did the district court abuse its discretion in denying Appellants further leave to amend. In its Order granting the City's Motion to Dismiss, the district court stated:

> Given that Plaintiffs were previously granted leave to amend in light of the Ninth Circuit's recent *Bamonte* decision and have since failed to allege facts sufficient to state a claim for relief, the court finds that granting Plaintiffs leave to amend yet again would be futile.

The district court gave Appellants notice that it was essential to distinguish their claims from those that were found to be unpersuasive in *Bamonte*. Instead of doing so, Appellants merely amended three paragraphs that included facts that are virtually indistinguishable from those in *Bamonte*. Thus, the district court did not abuse its discretion in denying Appellants leave to amend after it dismissed their SAC.

In sum, Appellants fail to plead sufficient facts to distinguish their claims from those which were found not to be compensable under *Bamonte*. The district court properly granted the City's Motion to Dismiss and did not abuse its

discretion in denying Appellants leave to amend their claims. The judgment of the

district court is **AFFIRMED.**[2]

---

[2] On appeal, Appellants contend that this court erred in deciding *Bamonte*.
While Appellants may be displeased that *Bamonte* precludes them from advancing
their claims against the City,"[a]bsent exceptional circumstances, [the Ninth
Circuit] will not consider arguments raised for the first time on appeal." *Alohacare
v. Hawaii Dep't Human Servs.*, 572 F.3d 740, 744 (9th Cir. 2009). No such
circumstances exist here. Appellants have therefore waived any challenge
regarding whether *Bamonte* was correctly decided. Furthermore, even if
Appellants had not waived the opportunity to raise the question whether *Bamonte*
was properly decided, we could not entertain such a challenge. A three-judge
panel may not overrule a prior decision of the court. *Miller v. Gammie*, 335 F.3d
889, 899 (9th Cir. 2003).